<u>NOT FOR PUBLICATION</u>

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>KIRK EADY,<br><br>　　　　　Defendant. | Criminal Action No. 14-277(JLL)<br><br>**OPINION** |

**LINARES,** District Judge**.**

　　　This matter comes before the Court by way of Defendant Kirk Eady's motion for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29 [Docket Entry No. 48]. The Court has considered the submissions made in support of, and in opposition to, Defendant's motion. Based on the reasons that follow, Defendant's motion is DENIED.

**I.　　BACKGROUND**

　　On January 14, 2014, a Complaint was filed against Defendant charging him with violating 18 U.S.C. §§ 2511(1)(a) and (2) because he allegedly "intentionally intercepted, endeavored to intercept and procured another person to intercept and endeavor to intercept the wire, oral, and electronic communications of others." (Compl. at 1). Defendant was indicted on this charge on May 19, 2014. On March 13, 2015, a jury found Defendant guilty of violating 18 U.S.C. §§ 2511(1)(a) and (2). On March 30, 2015, Defendant filed the instant motion for judgment of acquittal pursuant to Rule 29.

　　In support of his motion, Defendant argues that in defining "party," the Court disregarded the cannons of statutory interpretation and deprived the defendant of a statutory defense which should

have been considered by the jury.  Specifically, Defendant argues: (1) under the rule of lenity the Court should not have accepted the Government's definition of "party" and allowed the jury to decide whether or not Mr. Eady was a party to the communication; (2) the Court's definition of "party" in its jury charge constituted a novel construction of the wiretap statute; and (3) 18 U.S.C. § 2511 is unconstitutionally vague.

## II.     LEGAL STANDARD

To prevail on a Rule 29 motion for judgment of acquittal, Defendant "bears the heavy burden of showing that, viewing the evidence in the light most favorable to the Government, no rational trier of fact could find him guilty beyond a reasonable doubt."  *United States v. Johnson*, 302 F.3d 139, 149 (3d Cir. 2002).  The Court must credit all available inferences in favor of the government. *United States v. Pendleton*, 636 F.3d 78, 84 (3d Cir. 2011).

## III.    DISCUSSION

At trial, Defendant was found guilty by a jury of violating 18 U.S.C. §§ 2511(1)(a) and (2). However, under 18 U.S.C. § 2511 not all interceptions of communications are unlawful.  For example, § 2511(2)(d) provides a statutory defense for interceptions where the defendant was a "party" to the communication.  In his motion, Eady argues that this Court should enter a judgment of acquittal because the Court, in adopting the Government's proposed jury charge on what the use of the word "party" in 18 U.S.C. § 2511 means, charged the jury incorrectly, and that had the jury been instructed properly "the jury would have acquitted Mr. Eady."

Prior to this Court charging the jury, the Government submitted a proposed jury charge, "Request No. 11: Affirmative Defense – Consent," with respect to 18 U.S.C. § 2511(2)(d).  This proposed charge included a definition of the word "party" which had been adopted from Tennessee law.  Pursuant to Tennessee State Code, "party" is defined as follows:

> [a]n individual who participates with at least one other individual in a communication and whose participation in that communication is known to the other participant(s) in the communication at the time of the communication.

39 T.C.A. § 39-13-604 (a)(5). Defendant objected to this proposed definition of "party," arguing that: (1) 18 U.S.C. § 2511 does not define "party;" (2) 18 U.S.C. § 2511, unlike the Tennessee State Code, does not require that an individual's participation in a communication be known to the other participants at the time of the communication; and (3) a Government witness testified that the user and the two people being called were all on the call at the same time. After hearing argument, this Court adopted the Government's request to include this definition of "party" in the jury charge and subsequently charged the jury with this definition.

Pursuant to the rule of lenity, "when ambiguity in a criminal statute cannot be clarified by either its legislative history or inferences drawn from the overall statutory scheme, the ambiguity is resolved in favor of the defendant." *United States v. Pollen*, 978 F.2d 78, 85 (3d Cir. 1992). It only applies, however, if, "after considering text, structure, history, and purpose, there remains a 'grievous ambiguity or uncertainty' in the statute, *Muscarello v. United States*, 524 U.S. 125, 139 (1998), such that the Court must simply 'guess as to what Congress intended.'" *Barber v. Thomas*, 560 U.S. 474, 488 (2010) (quoting *Bifulco v. United States*, 447 U.S. 381, 387 (1980)). Having considered the statute, this Court finds that there is no "grievous ambiguity or uncertainty" in the wiretap statute.

First, accepting any other definition of "party" other than the one charged to the jury would render the wiretap provisions of 18 U.S.C. § 2510 *et seq.* unnecessary. The ability to intercept a communication of others without the knowledge of any party to those communications does not render the person who intercepts the communication a "party." If this were an appropriate

definition of "party" then the Government could simply pay Prankdial,[1] or a similar operator, to intercept the communication, thereby making the Government a "party," and court orders under Title III would no longer be necessary.

Next, the legislative history of the wiretap statute similarly supports the Court's jury instruction on the meaning of "party." In its report on the Omnibus Crime Control and Safe Streets Act of 1968, the United States Senate clarified that the term "party" meant "the person actually participating in the communication." S. Rep. No. 1097, 90th Cong. 2d Sess. (1968), reprinted in 1968 U.S. Code Cong. & Admin. News 2112, 2182. The legislative history reveals that Congress intended to codify the holding in *United States v. Pasha* to explain the use of the phrase "actually participating." *See*, *e.g.*, *United States v. Campagnuolo*, 592 F.2d 852, 861 (5th Cir. 1979) ("It is clear . . . that Congress intended to reaffirm the result in *Pasha* and make admissible communications to which a police officer is a party. . . . "'(P)arty' would mean the person actually participating in the communication."). The Court in *Pasha* held that:

> [a]lthough the callers in the instant case were unaware that they were not being heard by the intended receivers and some were even misled into believing they were talking to one or the other of the defendants, the conversations between the callers and the agent cannot be said to have been intercepted [because] [i]nterception connotes a situation in which by surreptitious means a third party overhears a telephone conversation between two persons. We believe that impersonation of the intended receiver is not an interception within the meaning of [Title III].

---

[1] Prankdial is a website, www.prankdial.com, which provides "paying customers the ability to call, intercept and record two people simultaneously and surreptitiously by making the telephone call appear as though one or both people, and not the website customer, initiated the telephone call." (Government Brief at 2).

4

*United States v. Pasha*, 332 F.2d 193, 198 (7th Cir. 1964).  Therefore, it is clear that Congress intended that a "party" would be someone who has authenticated his presence on a telephone call and not someone who was simply invisible on the call.

Further support for this is found elsewhere in the legislative history of the wiretap statute. In commenting on 28 U.S.C. § 2511(2)(c), the Senate Judiciary Committee noted:

> Paragraph (2)(c) provides that it shall not be unlawful for a party to any wire or oral communication . . . to intercept such communication.  It largely reflects existing law.  Where one of the parties consents, it is not unlawful. . . .  "(P)arty" would mean the person actually participating in the communication. (*United States v. Pasha*, 332 F. (Sic ) 193 (7th), *cert. denied*, 379 U.S. 839 (1964)).

*Campagnuolo*, 592 F.2d at 862-63 (quoting S.Rep.No.1097, 90th Cong.2d Sess. (1968), Reprinted in (1968) 2 U.S. Code Cong. & Admin. News, pp. 2112, 2182).  Congress enacted Title III to combat a particular problem created by technological advances, to wit, "unseen auditors" intercepting communications:

> The tremendous scientific and technological developments that have taken place in the last century have made possible today the widespread use and abuse of electronic surveillance techniques.  As a result of these developments, privacy of communication is seriously jeopardized by these techniques of surveillance.  Commercial and employer-labor espionage is becoming widespread.  It is becoming increasingly difficult to conduct business meetings in private.  Trade secrets are betrayed.  Labor and management plans are revealed.  No longer is it possible, in short, for each man to retreat into his home and be left alone.  Every spoken work relating to each man's personal, marital, religious, political, or commercial concerns can be intercepted by an unseen auditor and turned against the speaker to the auditor's advantage.

*United States v. Paul*, 614 F.2d 115, 118 (6th Cir. 1980) (quoting S. Rep. No. 1097, 1968 U.S. Code Cong. & Admin. News at 2154).  Therefore, it is abundantly clear from the legislative history

that Congress did not intend that a "party" would be someone like Defendant who surreptitiously gained access to communications in real time and never made his presence known.

Finally, "party" has been interpreted elsewhere in the wiretap statute to mean a participant in the intercepted conversation. Under the wiretap statute, an "aggrieved person" has standing to move to suppress the fruits of a wiretap under certain circumstances. 18 U.S.C. § 2518(10)(a) An "aggrieved person" is one "who was a party to any intercepted wire, oral or electronic communication or a person against whom the interception was directed." 18 U.S.C. § 2510(11). "Party" has been defined by courts for purposes of defining "aggrieved person" as someone who participated in the conversation. *See*, *e.g.*, *United States v. Scaseno*, 513 F.2d 47, 50-51 (5th Cir. 1975); *United States v. King*, 478 F.2d 494, 506 (9th Cir. 1973); *In re Dellinger*, 461 F.2d 389, 392 (2d Cir. 1972); *United States v. Ahmad*, 347 F. Supp. 912, 933 (M.D. Pa. 1972), aff'd in part, rev'd in part on other grounds, 482 F.2d 171 (3d Cir. 1973); *United States v. Iannelli*, 339 F. Supp. 171 (W.D. Pa.1972), aff'd, 477 F.2d 999 (3d Cir. 1973).[2]

The rule of lenity doesn't apply here because it only applies if, "after considering text, structure, history, and purpose, there remains a 'grievous ambiguity or uncertainty in the statute,' *Muscarello v. United States*, 524 U.S. 125, 139 (1998), such that the Court must simply 'guess as to what Congress intended.'" *Barber v. Thomas*, 560 U.S. 474, 488 (2010) (quoting *Bifulco v. United States,* 447 U.S. 381, 387 (1980)). As discussed above, the legislative history and purpose

---

[2] Additional support for the Court's jury charge on the meaning of "party" can be found in Webster's. Webster's defines "party" as "a person or group participating in an action or affair." Merriam Webster's Collegiate Dictionary (Delux ed. 1998). When terms in a statute are undefined, courts generally give those terms their ordinary meaning. *Asgrow Seed Company v. Winterboer*, 513 U.S. 179, 187 (1995). Moreover, "party" has been defined in the Fourth Amendment context as an active participant in the conversation. *See United States v. Coven*, 662 F.2d 162, 173 (2d Cir. 1981)

of the wiretap statute, render the definition of "party" clear.  It is the definition charged by this Court at trial, *i.e.*, "a party is an individual who participates with at least one other individual in a communication and whose participation in that communication is known to the other participants in the communication at the time of the communication."  Accordingly, the Court finds that there was sufficient evidence under the law to support the conviction of Defendant and the Court did not err in its instructions to the jury.[3]

## IV.    CONCLUSION

For the reasons discussed above, Defendant's motion for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29 is denied.[4]  An appropriate Order accompanies this Opinion.


DATED:  April 15, 2015

s/ Jose L. Linares  
JOSE L. LINARES  
U.S. DISTRICT JUDGE

---

[3] For the same reasons expressed above, the Court finds that the wiretap statute is not vague and the Court's jury charge on the definition of "party" was not a novel construction.  The charge given to the jury was consistent with the legislative intent of the statute.

[4] In his conclusion, Defendant for the first time seeks an alternative ruling from this Court for a new trial.  This request will also be denied.  A district court should vacate a judgment of conviction and order a new trial pursuant to Federal Rule of Criminal Procedure 33 if "there is a serious danger that a miscarriage of justice has occurred—that is, that an innocent person has been convicted."  *United States v. Brennan*, 326 F.3d 176, 189 (3d Cir.2003).  Rule 33 motions should be "granted sparingly and only in exceptional cases."  *United States v. Silveus*, 542 F.3d 993, 1004 (3d Cir.2008).  In considering a Rule 33 motion, courts should not consider evidence in the light most favorable to the Government.  "[R]ather, on a Rule 33 motion, the court exercises its own judgment in assessing the government's case" to determine whether a judgment of conviction constitutes a manifest injustice in light of the evidence admitted at trial.  *See United States v. Johnson*, 302 F.3d 139, 150 (3d Cir.2002); *see also Brennan*, 326 F.3d at 189.  For the same reasons stated above, Defendant's request for a new trial is denied.